**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TEVITA LAUSII FANUA, <br><br> Petitioner, <br><br> v. <br><br> A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, <br><br> Respondent. | Case No.  C10-641-RAJ-JPD <br><br> REPORT AND RECOMMENDATION |

## I.   INRODUCTION AND SUMMARY CONCLUSION

Tevita Lausii Fanua ("petitioner"), proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. 8.)  He requests that this Court "Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters . . . ."  *Id*. at 2.  Respondent asserts that an Immigration Judge ("IJ") since reviewed petitioner's custody and granted him release under bond of $30,000.  (Dkt. 12.)  Respondent contends that petitioner has received all the benefits of due process he is entitled and requests that his habeas petition be dismissed.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Tonga, who was admitted to the United States on December 1, 1990, as a lawful permanent resident. (Administrative Record ("AR") at R91-94.) On August 20, 2007, he was convicted in the Superior Court of California, County of Santa Clara, for the offense of threats to commit a crime resulting in death or great bodily injury in violation of Section 422 of the California Penal Code, and was sentenced to a term of imprisonment of one year and four months. (AR R89, R91-94.)

On March 25, 2009, ICE issued an immigration detainer with the San Quentin State Prison, requesting that it be notified when petitioner is about to be released. (AR R67.) On May 11, 2009, petitioner was transferred directly from California state custody to ICE custody. (AR L5.) ICE served petitioner with a warrant for arrest of alien and a notice to appear, charging him with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), as a crime of violence for which the term of imprisonment is at least one year. (AR L5-14.) ICE made an initial custody decision and determined that because petitioner had been convicted of an aggravated felony, he was subject to the mandatory detention provision, INA § 236(c), and would be detained pending a decision on whether he is to be removed from the United States. (AR L5.)

On November 10, 2009, an IJ denied petitioner's applications for asylum, withholding of removal, and for protection under the convention against torture, and ordered him removed to Tonga. (AR L220-29.) Petitioner appealed the IJ's to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 12, 2010. (AR L255-56.) On March 22, 2010, petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of

REPORT AND RECOMMENDATION - 2

Appeals, along with a request for stay of removal. *Fanua v. Holder*, No. 10-70864 (9th Cir. March 22, 2010). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *Id.*

On April 14, 2010, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 1.) On April 28, 2010, however, petitioner received an individualized bond hearing before an IJ who granted petitioner's request for release from custody under bond of $30,000. (AR L272.) On June 15, 2010, respondent filed a return memorandum and status report, seeking dismissal of the habeas petition. (Dkt. 12.) Petitioner did not file a response.

### III.    DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id.* Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a flight risk or a danger to the community. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A).

REPORT AND RECOMMENDATION - 3

During the removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236 until the court renders its decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053,1059 (9th Cir. 2008); *Casas-Castrillon*, 535 F.3d at 951.

In *Casas-Castrillon*, the Ninth Circuit held that, in order to avoid the serious constitutional questions raised by indefinite mandatory detention, detention after an alien's administrative proceedings are complete ceases to be mandatory under INA § 236(c) and instead becomes discretionary under INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 950-51. The Ninth Circuit concluded that an alien who is in immigration detention pending judicial review of an administratively final order of removal is entitled to an individualized bond determination before an Immigration Judge and an opportunity to appeal that determination to the BIA. *See id.*

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of an aggravated felony under INA § 237(a)(2)(A)(iii). Thus,

REPORT AND RECOMMENDATION - 4

petitioner falls squarely within the group of aliens described in INA § 236(c)(1)(B) for whom detention is mandatory *during* administrative removal proceedings.  On March 22, 2010, however, petitioner filed a petition for review with the Ninth Circuit which issued a stay pending its review of petitioner's administrative removal order.  *See Fanua*, No. 10-70864.  Because his removal was stayed by the Ninth Circuit pending its review of the BIA decision, the removal period has not yet commenced, and petitioner is now detained pursuant to INA § 236(a).  *See Casas-Castrillon*, 535 F.3d at 948 (holding that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA § 236(a)); *see also Prieto-Romero*, 534 F.3d at 1062 ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

   As respondent asserts, however, the record shows that on April 28, 2010, petitioner was provided an individualized bond hearing before an Immigration Judge where he was given the opportunity to present evidence in support of his release.  The IJ ordered that petitioner be released from custody under bond of $30,000.  Because petitioner has received the relief sought in his habeas petition – a bond review which resulted in his release on bond of $30,00 – his petition is now moot and should be dismissed.  *See Prieto-Romero*, 534 F.3d 1053 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing).

REPORT AND RECOMMENDATION - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of August, 2010.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6